**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CIVIL ACTION NO. 18-60-DLB-CJS

ROGER LEWIS & CAROL MARTIN                                  PLAINTIFFS

v.                   **MEMORANDUM OPINION AND ORDER**

JUSTIN FOSTER, ET AL.                                          DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I. INTRODUCTION**

This matter is before the Court upon three Motions to Remand (Docs. # 9, 10, and 11), seeking to have this action remanded to the Mason County Circuit Court. The motions are fully briefed (Docs. # 15, 17, 19, and 22) and ripe for review. For the reasons stated herein, those Motions are **granted** and this action is remanded to the Mason County Circuit Court.

Plaintiffs Roger Lewis and Carol Martin ("Plaintiffs") and Defendants Justin Foster ("Foster") and the Estate of Ronald Parker ("the Estate") seek remand of this action to the Mason County Circuit Court. (Docs. # 9, 10, and 11). On April 13, 2018, Defendant Eliminator Custom Boats, Inc. ("Eliminator"), with the consent of Brunswick Corporation d/b/a Mercury Racing Inc. ("Brunswick") and Fat Boy's Dream LLC ("Fat Boy"), as well as the alleged consent of Foster, filed a timely notice of removal on the basis of admiralty jurisdiction. (Doc. # 1).

1

## II. FACTUAL AND PROCEDURAL HISTORY

This case arises out of a boating accident that occurred on the Ohio River on August 19, 2017. (Doc. # 15 at 2). On that day, Defendant Justin Foster was operating an Eliminator Pleasure Craft (speed boat) on the Ohio River near Maysville, KY and the William Harsha Bridge, with Foster's stepfather (Ronald Parker) as a passenger. *Id.*; (Doc. # 1-1 at 10). Based on the facts alleged, it is assumed that Foster was participating in a speed boat race sponsored by Defendant Fat Boy at the time of the accident, but this is not explicitly stated in the record. *Id.* at 10.

Plaintiffs Roger Lewis and Carol Martin were operating a Monark pontoon boat in the same area of the Ohio River on that day. (Doc. # 15 at 2). Plaintiffs allege that while operating his speed boat, Foster lost control of the vessel. (Doc. # 1-1 at 38). This loss of control caused Foster, Parker, and the other occupants to be ejected from the speed boat; Parker subsequently died as a result of the accident. *Id.* The speed boat then ran over Lewis's pontoon boat. *Id.* The collision caused Lewis to be ejected from the pontoon boat, and the propeller of the speed boat severely injured Lewis's right leg. *Id.* As a result of the accident, Lewis had part of his right leg amputated; Lewis's passenger, Martin, has allegedly suffered from Post Traumatic Stress Disorder following the collision. *Id.* at 10, 12.

Plaintiffs Lewis and Martin initiated this action on February 7, 2018 in Mason County Circuit Court. (Doc. # 9 at 3). Plaintiffs allege claims of negligence against Foster, Eliminator, Brunswick, the Estate, and Fat Boy. Plaintiffs also brought products-liability claims against Eliminator and Brunswick; Eliminator was the manufacturer of the speed boat Foster was driving, and Brunswick manufactured the stern drive on the speed boat,

both of which are alleged to have been defective. (Doc. # 1-1 at 15-21). Additionally, Plaintiffs seek punitive damages from Foster, Eliminator, and Brunswick. (Doc. # 1-1 at 13-15, 21-23). Multiple crossclaims and counterclaims have also been filed. (Doc. # 1-1 at 84-89, 142-44). The Estate brought product-liability crossclaims against Eliminator and Brunswick, as well as negligence claims against Foster and Fat Boy. (Doc. # 1-1, 84-89). Brunswick brought a counterclaim against the Estate seeking contribution and indemnity. (Doc. # 142-144). On April 13, 2018, Eliminator removed this case to the Eastern District of Kentucky through filing a Notice of Removal. (Doc. # 1). Shortly thereafter, the Plaintiffs, the Estate, and Foster filed the pending Motions to Remand, arguing that the case was improperly removed, and the rule of unanimity was violated by removal. (Docs. # 9, 10, and 11).

III. ANALYSIS

    **A. Standard of Review**

A defendant may, "[e]xcept as otherwise expressly provided by Act of Congress," seek to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). All defendants who have been joined or served in the action must join in the removal or consent to removal, in order for removal to be proper. *Harper v. Autoalliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004).[1] Parties contesting removal on the grounds of subject-matter jurisdiction may file a motion to remand at any time following the notice of removal. 28 U.S.C. § 1447(c).

---

[1] Given that the jurisdictional question is dispositive in this case, the parties' arguments regarding unanimity are irrelevant.

"The party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of the Province of Ont. v. City of Detroit (Her Majesty),* 874 F.2d 332, 339 (6th Cir. 1989). More specifically, the removing party bears the burden of establishing federal jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Thus, "the removal petition is to be strictly construed," *Her Majesty*, 874 F.2d at 339, and "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999).

### B. Removability of Plaintiffs' Claims

Federal district courts have jurisdiction over admiralty cases pursuant to 28 U.S.C. § 1333(1); specifically, district courts have original, exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."[2] 28 U.S.C. § 1333(1). This jurisdiction was originally given to federal courts through Section 9 of the First Judiciary Act. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 361 (1959). Federal jurisdiction over admiralty claims is only exclusive, however, with respect to *in rem* claims ("that is, [claims] where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien"). *Madruga v. Superior Court of State of Cal. In & for San Diego Cty.,* 346 U.S. 556, 560-61 (1954).

States also play a role in adjudicating admiralty issues. *Romero*, 358 U.S. at 361. "Section 9…recognized that some remedies in matters maritime had been traditionally administered by the common law courts of the original states. This role of the States in

---

[2] While the meaning of the "saving to suitors" clause is "by no means an intuitive matter," its essential function is to maintain a role for states in the adjudication of some maritime matters. *In re Chimenti*, 79 F.3d 534, 537 (6th Cir. 1996).

4

the administration of maritime law was preserved in the famous 'savings [to suitors] clause.'" *Id.* This clause has been interpreted to mean that states are "'competent to adjudicate maritime causes of action proceedings, 'in personam,' that is, where the defendant is a person, not a ship or some other instrument of navigation." *Madruga*, 346 U.S. at 560-61 (citing *Rounds v. Cloverport Foundry & Mach. Co.*, 237 U.S. 303, 308 (1915)). It follows that state courts have been held to have concurrent jurisdiction with federal courts over *in personam* admiralty claims. *In re Chimenti*, 79 F.3d at 537. Both the Supreme Court and Sixth Circuit have reiterated that the interpretation of § 1333, and specifically the "saving to suitors" clause, in this way preserves the important purpose of allowing plaintiffs to choose a forum. *Id.* Therefore, the instant case—a suit arising from a maritime accident and seeking relief from people and corporations—is *in personam*, and a state court is competent to hear this case.

The issue before this court, however, is not whether this case was properly brought in state court. Rather, the question posed is whether the properly filed *in personam* admiralty suit is removable to federal court. Precedent from this Circuit and guidance from the Supreme Court suggests that it is not, unless there are independent grounds for federal jurisdiction, such as diversity of citizenship. *See Romero,* 358 U.S. at 362-372; *see also In re Chimenti*, 79 F.3d at 537. Specifically, the Sixth Circuit has approvingly noted that "[c]ourts have consistently interpreted the 'savings clause' to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided that there is no independent federal basis for removal, such as diversity jurisdiction." *Id.*

Eliminator suggests that a 2011 amendment to the removal statute, 28 U.S.C. § 1441, alters the steady course of case law finding *in personam* cases are not removable

absent independent jurisdictional grounds. (Doc. # 15 at 4-6). The amendments eliminated a distinction drawn in § 1441(b) between federal question cases and all other cases; the current § 1441(b) only discusses diversity of citizenship cases. 28 U.S.C. § 1441(b) (2006) (amended 2011); 28 U.S.C. § 1441(b) (2018). Prior to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA"), which amended the removal statute, it read:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending…
>
> (b) **Any civil action of which the district courts have original jurisdiction founded on a claim of right arising under the Constitution, treaties or laws of the United States** shall be removable without regard to the citizenship or residence of the parties. **Any other such action** shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (2006) (emphasis added to indicate the distinction drawn between federal question claims and all other claims).

The statute now reads:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) … (2) **A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity of citizenship jurisdiction]** may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (2018) (emphasis added to indicate that the current statute only

6

references diversity of citizenship claims).

Enterprise and other litigants have argued that the previous language of § 1441(b), and particularly the requirement that "any other such action" could be removed to federal court only on the basis of diversity of citizenship jurisdiction, provided the limiting "Act of Congress" (referenced in 1441(a)) which precluded removal of admiralty cases. *See, e.g., Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 776-78 (S.D. Tex. 2013). More specifically, the previous version of the statute drew a distinction between cases covered by federal-question jurisdiction, and all other cases. 28 U.S.C. § 1441(b) (2006). Admiralty cases are not brought into federal court under federal-question jurisdiction, and therefore admiralty claims fell under the "any other such action" language of 1441(b). *Romero*, 359 U.S. at 378-79; 28 U.S.C. § 1441(b) (2006). Based on this, it was understood that § 1441(b) allowed for the removal of admiralty cases only when there was complete diversity among the parties. *See Ryan*, 945 F.Supp.2d at 776.

The current version of § 1441(b) no longer draws a distinction between federal-question jurisdiction cases and all other cases; instead, § 1441(b) now refers only to cases relying on diversity of citizenship for federal jurisdiction. *Id.* at 776-78. Defendants take this change to mean that all cases may be removed under § 1441(a), with diversity cases' removability limited by § 1441(b). *Id.* at 777-78. In other words, Defendants ask this Court to find that all non-diversity admiralty cases are properly removable under § 1441(a), as there is no "Act of Congress" limiting removal of cases other than diversity cases. *Id.; see also Gregoire v. Enter. Marine Servs, LLC,* 38 F. Supp. 3d 749, 763 (E.D. La. 2014) (explaining *Ryan* and citing other cases following its approach).

7

While this interpretation may be plausible on plain reading of the statutes, this reading fails to consider the rich context and history of admiralty law, as well as the purpose of the FCJVCA which amended § 1441(b). H.R. Rep. No. 112-10, at 1-2 (2011). Examination of FCJVCA's legislative history shows that its purpose was to clarify jurisdictional issues so parties could more easily identify the appropriate court in which to bring a claim. *Id.* Nothing in the explanation of the amendments, however, suggests an intent to enact a significant change to removal proceedings or to expand federal jurisdiction in the way Defendants suggested. *In re Foss Maritime Co.*, 29 F. Supp. 3d. 955, 960 (W.D. Ky. 2014); *see also, Gregoire,* 38 F. Supp. 3d at 763. Although some courts have been persuaded by arguments similar to Defendant's, this Court is not convinced. As the Western District of Kentucky has explained, "[d]efendants…contend[] that the slight grammatical changes made by the FCJVCA abrogate the doctrine of concurrent jurisdiction … No Sixth Circuit authority supports the sweeping reading of the 2011 Amendments articulated by *Ryan* and advanced by its progeny."[3] *Id.* at 559-60.

Additionally, the aforementioned reading of the amended § 1441 ignores the context of admiralty law, and in particular, the purpose of the "saving to suitors" clause and the intent to ensure plaintiffs can choose the forum for their litigation. "This so-called

---

[3] The Western District of Kentucky is not alone. Other district courts have similarly held that "it is precisely 'the statutory grant of admiralty jurisdiction, 28 U.S.C. § 1333, and more than 200 years of precedent interpreting this grant' rather than the 2011 amendment to the removal statute that determine … removability." *Gregoire,* 38 F. Supp. 3d at 754 (collecting cases rejecting the Southern District of Texas's approach in *Ryan*). In fact, in a later case that raised the "saving to suitors" clause, the Southern District of Texas stepped back from *Ryan* and held that "the amendments to the removal statute do not impact the historical bar on removal of maritime claims filed at law in state court … when a maritime claim is filed in state court under the Savings to Suitors Clause, it is transformed into a case at law, as opposed to admiralty … thus [the federal district courts] do not have original jurisdiction." *Sanders v. Cambrian Consultants (CC) Am., Inc.,* 132 F. Supp. 3d 853, 858 (S.D. Tex. 2015).

saving-to-suitors clause effectively provides a plaintiff who has an in personam claim the choice of proceeding in an ordinary non-removable civil action in a state or federal court [under diversity jurisdiction], rather than bringing a libel in admiralty in federal court." 14A Federal Practice and Procedure § 3672 (4th ed. 2018). As noted by the Sixth Circuit, the purpose of the clause was to provide litigants with a choice of forum. *In re Chimenti*, 79 F.3d at 537.

This choice between bringing a common-law suit in state court or federal court, or an admiralty suit in federal court is important because the "remedies available in suits brought in admiralty versus those brought 'at law' differ." *Gregoire,* 38 F. Supp. 3d at 756-57. One such difference is the opportunity for a jury trial at common law, "a remedy generally unavailable to suits in admiralty." *Id.* at 557. Moreover, different procedures and rules govern admiralty cases. *Id.* Allowing all non-diversity admiralty cases to be removed to federal court, as suggested by the *Ryan* Court's interpretation of § 1441, would deprive litigants of their choice of forum and strip litigants' "right to pursue [their] nonmaritime remedy—that is, a jury trial." *In re Foss Maritime Co.*, 29 F. Supp. 3d at 960. Without a strong indication that Congress intended the 2011 amendments to effect such drastic change, and recognizing the importance of choice of forum, coupled with the history and purposes of admiralty law and the "saving to suitors" clause, the Court declines to do so.

## IV. CONCLUSION

Accordingly, for the reasons articulated herein, **IT IS HEREBY ORDERED** as follows:

(1) The Motions to Remand (Docs. # 9, 10, and 11) are **GRANTED**; and

(2) This case is **remanded** to the Mason County Circuit Court, and stricken from this Court's docket.

This 5th day of September, 2018.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Cov18\18-60 Remand MOO.docx